**In re BULLDOG TRUCKING, INC., Debtor.**

**Langdon M. COOPER, Trustee in Bankruptcy for Bulldog Trucking, Inc., Plaintiff,**

**v.**

**INTERSTATE COMMERCE COMMISSION, Edward J. Philbin, Gail C. McDonald, J.J. Simmons, III, Karen Borlaug Phillips, and Edward M. Emmett, Defendants.**

**No. 3:92CV360–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 22, 1992.

Langdon M. Cooper, pro se.

James Sullivan, Asst. U.S. Atty., Charlotte, NC, J. Christopher Kohn, Dept. of Justice, Theodore K. Kalick, Virginia Strasser, Interstate Commerce Commission, Washington, DC, for defendants.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Plaintiff's motion, filed October 6, 1992, for reconsideration of the Court's Order of September 28, 1992 granting Defendants' motion for withdrawal of reference from the Bankruptcy Court. The Court held a hearing on this matter on October 13, 1992. Defendants filed a motion for leave to file a supplemental statement on October 16, 1992.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Langdon M. Cooper, the Trustee in bankruptcy for Bulldog Trucking, Inc. (the "Trustee"), filed a complaint in the bankruptcy court on September 22, 1992 ("Original Complaint"). In the Original Complaint, the Trustee challenged the validity of certain regulations promulgated by the Interstate Commerce Commission ("Commission" or "ICC"). The Trustee also alleged that the regulations promulgated in ICC Ex Parte No. MC–208, styled "Nonoperating Motor Carriers—Collection of Undercharges" (to be published at 49 C.F.R. § 1321) ("MC–208 Regulations"), violate the bankruptcy automatic stay provision. 11 U.S.C. § 362.

The Trustee filed an amended complaint on October 6, 1992 (the "Amended Com-

plaint"). In the Amended Complaint, the Trustee does not challenge the validity of the MC–208 Regulations.[1] The Amended Complaint merely attacks the MC–208 Regulations as violative of the bankruptcy automatic stay.

The MC–208 Regulations purport to deal with what the ICC calls the "problem" of rate undercharge rebillings. *See Maislin Indus. v. Primary Steel*, 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990). The effect of the MC–208 Regulations would be to remove rate undercharge claims from the bankruptcy court and bring them before the ICC for what it calls the "prior review stage." 49 C.F.R. § 1321.2. Pursuant to its prior review, the ICC would determine whether the Trustee's claims were colorable. *Id.* Although the ICC's approval of the Trustee's claims would not determine the ultimate merit of the claims, the ICC's determination that the undercharge claims were baseless would prohibit the Trustee from pursuing those claims in the bankruptcy court.

To enforce the MC–208 Regulations, the Regulations would sanction the Trustee personally. The Regulations would extend to future claims, pending claims, and claims that have been settled already even if the settlements have received the approval of the bankruptcy court. The Trustee would be prohibited from prosecuting any claim before any court prior to obtaining the blessing of the Commission. The Commission has indicated that it would impose criminal sanctions on the Trustee if it believed such sanctions were appropriate under the circumstances of the case. MC–208 Regulations, 8 I.C.C.2d 742, 761–762. Specifically, the MC–208 Regulations:

1. Require the Trustee to submit all undercharge claims (or representative samples of such claims) to the Commission for its review and determination of whether the claims are colorable;

2. Prohibit the Trustee from prosecuting his undercharge claims pending the Commission's review;

---

1. The Trustee filed a petition for review in the Fourth Circuit Court of Appeals on October 13, 1992 in which he challenges the validity of the MC–208 Regulations.

3. Require the Trustee to submit for the Commission's review all claims previously settled; and

4. Require the Trustee to notify all shippers against which claims have been made—including shippers who have settled the claims against them—of the MC–208 Regulations within sixty days of the effective date of the Regulations.

## DISCUSSION

This case presents a conflict between the regulatory authority of the Commission and the authority of the bankruptcy court to control the property of a bankruptcy estate pursuant to the automatic stay provision.

The Interstate Commerce Act gives the ICC broad regulatory power to prevent rate discrimination, determine reasonable rates and practices, and prohibit unreasonable credit and collection practices. *See* 49 U.S.C. §§ 10701, 10704, 10741 and 10743. The automatic stay gives the debtor in bankruptcy an immediate means to maintain the status quo of its estate until the bankruptcy court has the opportunity to hear the case. The automatic stay also benefits the bankruptcy court itself by maintaining the status quo until the bankruptcy court has an opportunity to hear critical issues in an orderly fashion. If a particular creditor is aggrieved by the automatic stay, it may move the bankruptcy court for relief from stay. 11 U.S.C. § 362(d, e, f).

■ The automatic stay provision of the bankruptcy code provides that the filing of a bankruptcy petition automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Property of the estate includes "All legal or equitable interests of the debtor in property as of the commencement of the estate." 11 U.S.C. § 541(a)(1). The filed-rate doctrine creates a property right in the debtor for any freight shipped at a rate less than the tariff rate filed with the ICC at the time of shipment. *See Maislin Indus. v. Primary Steel*, 497 U.S. 116, 110 S.Ct. 2759, 111

L.Ed.2d 94 (1990) ("[L]egal rights of shipper as against carrier in respect to a rate are measured by the published tariff.") The Trustee's rate undercharge claims, therefore, are property of the estate and are protected by the automatic stay.

■ The issue presented is whether the MC–208 Regulations violate the automatic stay by attempting "to exercise control over property of the estate." *See* 11 U.S.C. § 362(a)(3). The ICC addressed this issue in its rule-making proceeding. *See* 8 I.C.C.2d 742, 753–754. The Commission concluded that the bankruptcy code did not preclude the Commission from promulgating the MC–208 Regulations.

The Commission cited *Board of Governors v. MCorp Financial*, 502 U.S. ——, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991), and Title 11, United States Code, Section 362(b)(4) in support of its position that the provisions of the bankruptcy code and this Court's bankruptcy jurisdiction did not preclude it from promulgating the MC–208 Regulations. Neither of these authorities supports the Commission's position. In *MCorp* the Board of Governors of the Federal Reserve System (the "Board") challenged the district court's jurisdiction to stay administrative proceedings before the Board pursuant to 11 U.S.C. § 362. 502 U.S. at —— – ——, 112 S.Ct. at 461–462. The Supreme Court held that the district court did not have the authority to stay the Board's administrative proceeding because the pertinent jurisdictional statute demonstrated a clear legislative intent that judicial review should be restricted. *Id.* at ——, 112 S.Ct. at 466. The Court also determined that although the Board's proceedings might have an effect on the property of the estate, this mere possibility could not support a stay of the proceedings. *Id.* at ——, 112 S.Ct. at 464.

■ In the instant case, the Commission has not pointed to any statute that demonstrates that Congress intended to restrict access to the courts. The Interstate Commerce Act actually contemplates that actions for undercharge claims will be prosecuted in the courts. *See* 49 U.S.C.

§ 11706(a) (setting forth statute of limitations for civil actions to recover charges for transportation). Although courts must refer matters that are strictly regulatory in nature to the Commission under the doctrine of primary jurisdiction, the Commission may not usurp the power of the courts by determining for itself which matters are regulatory in nature. The doctrine of primary jurisdiction allows the Court to refer regulatory issues to the Commission after the Court determines whether the issues are within the primary jurisdiction of the Commission.

The Commission, by the promulgation of the MC–208 Regulations seeks not only to determine regulatory issues, but to determine whether the carrier may pursue the claims. 49 C.F.R. § 1321.1, 1321.2. Under the MC–208 Regulations, if the Commission determined that the carrier did not have a "valid, colorable undercharge claim," then the carrier would be prohibited from proceeding with the claim in district court. 49 C.F.R. § 1321.2 ("[T]hese rules are designed merely to screen out and prevent undercharge claims that lack a legitimate or cognizable basis, so that shippers are not required to defend themselves against baseless claims."). The Commission, contrary to the situation presented in *MCorp,* not only is not acting within the province of its exclusive jurisdiction, but is attempting to usurp the jurisdiction of the bankruptcy and district courts.

The Commission, for instance, has placed no deadline on itself to determine whether claims are colorable. The claims could be pending before the Commission for months or years thereby crippling the ability of the bankruptcy court to act and frustrating the intent of Congress that bankruptcy provide a quick, ready forum for administering the bankrupt estate. Commissioner Simmons himself questioned whether the Commission had "adequate staff to process the cases" that would be generated by the MC–208 Regulations. 8 I.C.C.2d 742, 760. Not only would delays caused by the Commission's pre-screening usurp the power of the bankruptcy court, such delays would prevent the Trustee from generating income for the estate.

Also, contrary to the situation in *MCorp,* this case does not present the mere possibility of the Commission exercising control over property of the estate at a later time. The MC–208 Regulations purport to exercise immediate and complete control over the rate undercharge claims. The Regulations prohibit the Trustee from prosecuting his claims in any court, taking any discovery or settling the claims. As such, the decision in *MCorp* is not controlling. *See Board of Governors of the Federal Reserve System v. MCorp Financial,* 502 U.S. ——, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991).

■ The Commission also relies on the exception to the automatic stay set forth at 11 U.S.C. § 362(b)(4). This exception, however, only applies to the stay under 11 U.S.C. § 362(a)(1); it does not apply to the stay under 11 U.S.C. § 362(a)(3). The MC–208 Regulations are subject to the automatic stay under 11 U.S.C. § 362(a)(3) because they purport to exercise immediate and complete control over the property of the estate. The Court, therefore, finds that the exception for regulatory acts does not apply to the regulations at issue.

■ The jurisdictional statutes support jurisdiction in this case. The Commission argues that the Administrative Orders Review Act, 28 U.S.C. §§ 2341–2342, 2346–2347 (and 2321 by cross reference) ("Hobbs Act"), precludes this Court's review of the Commission's rules and regulations. Although Section 2321 does provide that proceedings to enjoin the ICC's rules, regulations, or orders should be brought in the courts of appeals, the section is subject to other acts of Congress. 28 U.S.C. § 2321. The bankruptcy subject matter jurisdiction statute provides:

*Notwithstanding any Act of Congress* that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b) (emphasis added). Furthermore, the statute confers the district court with exclusive jurisdiction "of all the property ... of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(d). The Hobbs Act does not preclude this Court from exercising jurisdiction to enforce the automatic stay and thereby enjoin the ICC to prevent it from exercising control over property of the estate.

The Court will enjoin the ICC from applying these regulations to the Trustee in this matter.[2] As noted above, the Trustee's rate undercharge claims are property of the estate and therefore are protected by the automatic stay. The automatic stay applies to all entities, including governmental agencies. 11 U.S.C. §§ 101(15), 362(a). Because the United States has waived any claim it may have of sovereign immunity under the bankruptcy code, the ICC is subject to the automatic stay. *See* 11 U.S.C. § 106. The ICC shall not apply the MC–208 Regulations to the Trustee and shall not attempt to hold him personally liable criminally or civilly for any action in violation of the MC–208 Regulations. The MC–208 Regulations are null and void as to the instant estate. This Order, however, should not be construed as prohibiting the bankruptcy court from granting the ICC relief from stay or from referring claims to the ICC pursuant to the doctrine of primary jurisdiction. This Order is meant merely to enforce the automatic stay.

### CONCLUSION

The Court will refer this matter back to the bankruptcy court for further proceedings. Because the Court believes that some issue of mandatory withdrawal may exist due to the necessary consideration of the Interstate Commerce Act and regulations promulgated under it, the Court will enter a stay against enforcement of the MC–208 Regulations.

2. Although the Court believes that withdrawal is not mandatory in this case, the Court will enter an injunction pursuant to the automatic stay and Title 11, United States Code, Section 105. The Trustee has demonstrated that the MC–208 Regulations would cripple his ability to marshal

NOW, THEREFORE, IT IS ORDERED that:

1. The Commission, its Commissioners, agents, employees, and all persons acting in concert with it be, and hereby are, ENJOINED from enforcing the MC–208 Regulations as to this case;

2. The Trustee's motion for reconsideration of the Court's order of September 28, 1992, be, and hereby is, GRANTED for the purpose of further proceedings consistent with this Order;

3. This matter be, and hereby is, REFERRED back to the Bankruptcy Court for further proceedings;

4. The Bankruptcy Court enforce this injunction as it would have enforced the automatic stay if the reference had not been withdrawn;

5. The MC–208 Regulations are NULL and VOID as to the Trustee and the rate undercharge claims in this case; and

6. Defendants' motion to file a supplemental statement be, and hereby is, GRANTED.

and protect the assets of the estate. The Commission has essentially threatened the Trustee with criminal liability if he disregards the Regulations. For these reasons and for other good cause shown, the Court believes that permissive withdrawal is proper. *See* 28 U.S.C. § 157(d).